BRIGHT, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s analysis that, at this stage of the proceedings, nurses Mary Clausen, Julie Nelson and Patti Vodinelich are not entitled to qualified immunity from McCaster’s lawsuit. However, I decline to join in the majority’s determination that nurses Nancy Mattson and Audrey Darling are entitled to qualified immunity, and would affirm the district court’s denial of their motion for summary judgment.
The record makes out a case of deliberate indifference towards McCaster’s serious medical need by all of the nurses. Given the evidence and testimony from the *749 Ramsey County Correctional Facility (“RCCF”) staff, inmates, and various medical experts, a reasonable fact finder could conclude that all of the nurses, including Mattson and Darling, should have seen a gravely ill person, but each closed their eyes and mind to the obvious.
Although the case against Mattson and Darling does not have as much evidential support as compared to Clausen, Nelson and Vodinelich, there is, nonetheless, sufficient circumstantial evidence that Mattson and Darling should have recognized McCaster was in serious need of medical attention. The district court carefully examined the lengthy evidentiary record in which many of the salient facts were not in dispute. Viewing those facts in the light most favorable to McCaster, the district court observed that from the beginning, when McCaster arrived at the RCCF on April 17, Mattson and Darling could observe that McCaster was very sick:
[E]ach saw him within two days of his arrival at the RCCF, when he was indisputably less symptomatic. Nevertheless, the Coui’t finds that McCaster has proffered sufficient evidence to create a genuine issue whether he was “obviously” ill as of that time. At intake, he indicated that he had experienced recent weight loss, and Mattson noted that he was tachycardic. Logs of his telephone calls indicate that he was repeatedly coughing from the moment he arrived at the RCCF. Other inmates testified that he was “visually sick” and could barely walk from day one. Corrections officers ... thought it was “obvious” something was wrong with McCaster when they first encountered him on April 19, two days after his admission. And Drs. Fithian and Reichman, both defense witnesses, testified that McCaster likely was experiencing active TB symptoms, including a productive cough, throughout his incarceration, as demonstrated by the fact that he had already infected his family members by the time he arrived at the RCCF. This evidence is sufficient to satisfy McCaster’s burden of demonstrating a genuine issue for trial vis-a-vis Mattson and Darling.
(Appellant’s Addendum 15-16.) The majority does not contend that the above reference to the record is incorrect.
Based on the district court’s careful analysis of the evidence, I would affirm the district court’s denial of appellants’ motion for summary judgment in all respects.